IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEOPOLD RIOLA BARDAJI, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>MATCH GROUP, INC., SHARMISTHA DUBEY, BERNARD KIM, and GARY SWINDLER,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 23-245 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington, this 24th day of May 2023;

On March 6, 2023, Leopold Riola Bardaji, on behalf of himself and others similarly situated who purchased or otherwise acquired Match Group, Inc. common stock between November 3, 2021 through January 31, 2023, inclusive, filed a Class Action Complaint for Violations of the Federal Securities Laws against Match Group, Inc., Sharmistha Dubey, Bernard Kim, and Gary Swindler.  (D.I. 1).

On May 5, 2023, Daniel J. Rittenhouse, Yates Honma, the Northern California Pipe Trades Trust Funds ("NCPTTF"), Mary Moran and Andreas Kallenos all timely filed motions seeking to be named as lead plaintiff and seeking approval of selection counsel.  (D.I. 4, 7, 10 ,13, & 14).  On May 16, 2023 and May 19, 2023, Daniel J. Rittenhouse and Andreas Kallenos each filed a notice of non-opposition stating that, after reviewing the competing motions, neither appeared to have the largest financial interest in this litigation.  (D.I. 22 & 24).  And, on May 18, 2023 and May 19, 2023, Yates Honma and Mary Moran withdrew their motions after reviewing the competing motions and also determining they did not appear to have the largest financial interest

in the litigation. (D.I. 23 & 25). Therefore, the only motion presently before the Court is NCPTTF's motion. (D.I. 10).

## I. LEGAL STANDARD

The present case asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PLSRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated under it (17 C.F.R. § 240.10b-5). The PSLRA provides that, in any private action arising under the Exchange Act brought as a class action, the Court shall consider any motion made by a purported class member and shall appoint as lead plaintiff the member or members determined to be the "most capable of adequately representing the interests of class members" – *i.e.*, the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court must follow a two-step process for determining the most adequate plaintiff for the class action. *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 399 (D. Del. 2014). First, the Court must identify the person or group of persons entitled to the statutory presumption of most adequate plaintiff. *Id.* Second, the Court must determine whether that presumption has been rebutted. *Id.*

The PSLRA provides that the presumptive lead plaintiff is the person or group that: (1) either filed the complaint or made a timely motion for appointment as lead plaintiff, (2) has the largest financial interest in the relief sought in the class action, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Once the Court identifies the movant with the largest financial interest, it must independently determine whether the movant satisfies the typicality and adequacy requirements of Rule 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("otherwise satisfies" language refers to the typicality requirements of Rule 23(a)(3) and adequacy requirements of Rule 23(a)(4)). If the Court finds that the movant satisfies these requirements, that person or group is presumptively the

most adequate plaintiff to represent the class. This presumption may be rebutted "only upon proof" by a purported class member that the plaintiff "will not fairly and adequately protect the interests of the class" or that the plaintiff is "subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) & (bb).

Once the Court has determined the most adequate plaintiff to represent the purported class, the lead plaintiff then, subject to the Court's approval, selects and retains counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The selection of a lead plaintiff and the approval of lead plaintiff's choice of counsel are both committed to the discretion of the Court. *See Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 131 (D. Del. 2011).

## II. DISCUSSION

### A. Appointment as Lead Plaintiff

It is uncontested that NCPTTF timely filed its motion for appointment as lead plaintiff and that it has the largest financial interest in the relief sought in the class action.[1] Thus, the Court must next determine whether NCPTTF satisfies the typicality and adequacy requirements of Rule 23 such that it is entitled to the presumption of most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Court's inquiry "need not be extensive" and should only consider whether the movant has stated a *prima facie* case of typicality and adequacy under

---

[1] "[I]t appears that . . . [Daniel Rittenhouse] does not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA" (D.I. 22 at 1-2); "Based upon the representations made by the competing movants, it appears that Mr. Honma does not possess the largest financial interest in this litigation. As such, Mr. Honma hereby withdraws the Motion" (D.I. 23 at 1); "Having reviewed the competing motions filed in this action, [Andreas Kallenos] does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA" (D.I. 24 at 2); "Having reviewed the competing motion and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that Ms. Moran does not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA. As such, Ms. Moran hereby withdraws her motion" (D.I. 25 at 1).

3

Rule 23. *In re Cendant*, 264 F.3d at 264; *see also id.* at 264–65 ("When making these determinations, courts should apply traditional Rule 23 principles."). After reviewing the papers, and the fact that no other movant contested NCPTTF's ability to serve as lead plaintiff, the Court concludes that NCPTTF has stated a *prima facie* case of typicality and adequacy under Rule 23. Therefore, NCPTTF will be appointed lead plaintiff in this action.

      **B.**      <u>**Approval of Lead and Liaison Counsel**</u>

Once appointed, a lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[The PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Cendant*, 264 F.3d at 276. Here, the Court's role is generally limited to reviewing and approving (or disapproving) of the lead plaintiff's choice of counsel. *Id.* at 273. The fundamental inquiry is "whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." *Id.* at 276. Relevant factors to consider include: (1) the lead plaintiff's legal experience and sophistication; (2) how the lead plaintiff chose potential law firms to consider; (3) how the lead plaintiff selected its proposed counsel; (4) the qualifications and experience of lead plaintiff's proposed counsel; and (5) evidence relating to whether the retainer agreement arose out of serious negotiations between the lead plaintiff and its proposed counsel. *Id.*

NCPTTF requests that the Court approve its selection of Block & Leviton LLP ("Block Leviton") as Lead Counsel for the proposed class in the present action. (D.I. 10, 11 & 12). Block Leviton has substantial experience in securities fraud litigation, as well other types of class actions, and it has served as lead (or co-lead) counsel in many of those cases over the last decade. (D.I. 12, Ex. D). Block Leviton has obtained a significant number of sizeable settlements in these cases over the years. (*Id.*). The Court finds no basis here to disturb the PSLRA's "strong presumption"

4

in favor of a lead plaintiff's selection and retention of counsel. Therefore, the Court will approve of NCPTTF's selection of Block Leviton as Lead Counsel.

### III.     CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Motion of Daniel J. Rittenhouse for Appointment as Lead Plaintiff and Approval of Selection of Counsel (D.I. 4) is DENIED as moot.

2. The Motion of Andreas Kallenos for: (1) Appointment as Lead Plaintiff; and (2) Approval of Selection of Counsel (D.I. 14) is DENIED as moot.

3. Northern California Pipe Trades Trust Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (D.I. 10) is GRANTED. Northern California Pipe Trades Trust Funds is appointed to serve as Lead Plaintiff for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Block & Leviton LLP is appointed as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiff and the Class:

   a) the preparation and filing of all pleadings;

   b) the briefing and argument of all motions;

   c) the conduct of all discovery proceedings and depositions;

   d) settlement negotiations with the defendants;

   e) the pretrial discovery proceedings, preparation for trial, and trial of this matter; and

   f) the supervision of all other matters concerning the prosecution or resolution of this action.

_____
The Honorable Maryellen Noreika
United States District Judge